TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-99-00467-CR

The State of Texas, Appellant

v.

Roselyn Arnette, Appellee

FROM THE COUNTY COURT AT LAW NO. 6 OF TRAVIS COUNTY

NO. 522,759, HONORABLE JAN BRELAND, JUDGE PRESIDING

The State appeals from an order granting Roselyn Arnette's motion to suppress
statements she made to a police officer who stopped her car for observed traffic offenses, and who
subsequently arrested her for driving while intoxicated. See Tex. Code Crim. Proc. Ann. art.
44.01(a)(5) (West Supp. 2000). The issue presented is whether Arnette's statements to the officer
were the product of custodial interrogation. 

This Court recently held, on substantially identical facts, that a person stopped for
a traffic offense is not in custody and her volunteered statements are not the product of custodial
interrogation. State v. Waldrop, 7 S.W.3d 836, 839-40 (Tex. App.--Austin 1999, no pet.) (citing
Berkemer v. McCarty, 468 U.S. 422 (1984); State v. Stevenson, 958 S.W.2d 824 (Tex. Crim.
App. 1997)). Arnette has not filed a brief, but has filed a motion to dismiss the appeal as moot
stipulating to the admissibility of the suppressed evidence. The motion is dismissed.

For the reasons stated in Waldrop, the order granting Arnette's motion to suppress
is reversed and the cause is remanded to the county court at law.

 

 Bea Ann Smith, Justice

Before Justices B. A. Smith, Yeakel and Dally*

Reversed and Remanded

Filed: March 2, 2000

Do Not Publish

* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).